IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12–cv-108-RJC
(5:99-cr-12-RLV-6)

| | |
|---|---|
| FLOYD JUNIOR POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for relief under 28 U.S.C. § 1651. (Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed as an unauthorized, successive Motion to Vacate under 28 U.S.C. § 2255.

**I.     BACKGROUND**

On November 12, 1999, Petitioner was convicted by a jury for possession with intent to distribute a quantity of cocaine base and aiding abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. (Case No. 5:99-cr-12, Doc. No. 146: Verdict). On March 7, 2001, a Judgment was entered sentencing Petitioner to 240 months' imprisonment on each of the counts to run concurrently. (Id., Doc. No. 296: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit which upheld his convictions and sentences on March 28, 2002. United States v. Powell, 38 F. App'x 140 (4th Cir. 2002) (unpublished).

On November 4, 2002, Petitioner filed a Motion to Vacate under § 2255. (Case No. 5:02-cv-138, Doc. No. 1). Petitioner's motion was dismissed on the Government's motion for summary judgment. (Id., Doc. No. 30: Order). On appeal, the Fourth Circuit dismissed Petitioner's challenge to the district court's order denying relief under § 2255. Powell v. United States, No. 04-7989 (4th Cir. Apr. 14, 2006) (unpublished). On February 7, 2005, Petitioner filed another motion under § 2255, (Case No. 5:05-cv-14, Doc. No. 2), which was dismissed without prejudice for Petitioner to seek authorization from the Fourth Circuit to file a successive petition, (Id., Doc. No. 4: Order).

On July 27, 2012, Petitioner filed the instant third motion, although Petitioner has labeled this latest effort as a motion under 28 U.S.C. § 1651. (Doc. No. 1 at 1). Petitioner raises many of the previously litigated claims, including ineffective assistance of counsel, jury composition, and drug quantity. Consequently, the motion is simply a successive § 2255 motion attacking the Judgment; therefore, this Court is without jurisdiction to entertain the merits without authorization from the Fourth Circuit.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition.

2

Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge